Crew, J.
It. is admitted in this case that on July 31, 1901, the county auditor of Clark county, upon information furnished him by the tax in *229 quisitor, placed upon the tax duplicate of said county for the year igoo- — that being the duplicate then in the hands of the county treasurer — the lands or lots here in controversy, and that he charged thereon against said lots so entered by him upon said duplicate, the taxes of the year 1900, and added thereto the simple taxes for each of the preceding years, 1891, 1892, 1893, 1894, 1895, 1896, 1897, 1898 and 1899. The facts in this case are not in dispute,' and the sole question presented by this record is, was the county auditor of Clark county authorized and empowered by law to place this omitted property of the railway company on the county duplicate of 1900, and to charge thereon against said railroad company taxes for the preceding years back to and including the year 1891. The answer to this question necessarily hinges upon the interpretation and construction proper to be given the provisions of Section 2803, Revised Statutes, which reads as follows: “In all cases where any county auditor shall discover, or have his attention called to the fact, that any assessor in any previous year shall have omitted to return, or shall in any future year omit to return any lands, town lots, or any improvements, structures or fixtures thereon, subject to taxation, situated within his county, or if any such property has escaped taxation by reason of any error of said auditor, it shall be the duty of said auditor to ascertain the value thereof for taxation, as near as may be, and to enter said lands, town lots, or improvements, upon the duplicate of the county, then in the hands of the county treasurer of such county, and to add to the taxes of the current year the simple taxes of each and *230 every preceding year in which such property shall have escaped taxation, as far back as the next preceding decennial appraisement and equalization of real estate in his county, unless in the meantime such property shall have changed ownership, in which case only the taxes chargeable since the last change of ownership shall be added, or the owner of such property may, if he desires, pay the amount of such taxes into the county treasury, on the order of said auditor.” The property involved in the present case being omitted property, it was by positive provision of the foregoing statute made the imperative duty of the county auditor upon discovering such omission on July 31, 1901, to enter said property upon the tax duplicate of the county then in the hands of the county treasurer— which at that time was the tax duplicate of the year 1900 — and to charge thereon against said property the taxes of the current year, to which he was required to add the simple taxes of each and every preceding year in which such property had escaped taxation as far back as the next preceding decennial appraisement and equalization. The question, therefore, that first suggests itself is, what taxes on July 31, 1901, within the meaning of above Section 2803, were the taxes of the current year that were required to be entered on the duplicate of 1900 then in the hands of the county treasurer. Obviously they were not the taxes of the year 1901, for the taxes of that year could have no place on the duplicate of 1900, but are required by law to go upon the duplicate of 1901, which latter duplicate on July 31, 1901, was not in the hands of the county treasurer, and in contemplation of law could not go into his hands *231 prior to the first day of October, 1901. Furthermore, on July 31, 1901, the decennial appraisement and equalization of 1900 had not yet been fully completed, and it could not then certainly be known what the proper taxes on the lots in question for the year 1901 would be. To adopt in this case the contention of counsel for plaintiff in error, and to hold that the words “current year” as employed and used in said Section 2803, mean current calendar year rather than current tax year, would be to close our eyes to the character of the subject-matter of this legislation, and to give to these words a sense and meaning wholly different, we think, from that intended by the legislature, and one that would involve the provisions of said statute in conflict and inconsistency. On July 31, 1901, the current duplicate of the then current tax year— the tax year then passing — then present in its course, was unquestionably the duplicate of 1900 carrying the taxes of the year 1900, and the unpaid taxes on said duplicate continued to be current taxes, and said duplicate a “live duplicate” of the current tax year, until the semi-annual settlement of said duplicate between the auditor and treasurer on August 10, 1901. It follows, therefore, from the agreed facts in this case, that the omitted property, by express provision and direction of the statute, was required to be, and was, properly placed on the duplicate of 1900 then carrying the taxes of the current tax year; and having been so entered, the auditor was authorized to charge against the same, taxes for the preceding years as far back as the next preceding decennial appraisement and equalization, which was that of 1890. *232 The circuit court having so found and. adjudged its judgment must be affirmed.

Judgment affirmed.

Price, C. T., Shauck and Summers, JJ., concur.